UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TERESA KAY LEWIS and DARRIN LEE BOWMAN,<br><br>　　　　　Defendants. | No.:<br><br>COMPLAINT IN INTERPLEADER<br><br>Pursuant to FRCP 22 |

The Hartford Life and Accident Insurance Company ("Hartford") alleges as follows:

## I. PARTIES

1. Hartford is a Connecticut corporation, with its principal place of business in Hartford, Connecticut.

2. On information and belief, Defendant Theresa Kay Lewis is a resident of Seattle, Washington in King County. Defendant Lewis is the surviving spouse of Chester O. Bowman, Jr., deceased.

3. On information and belief, Defendant Darrin Lee Bowman is a resident of King County, Washington. Defendant Bowman is the son of Chester Bowman.

## II. JURISDICTION AND VENUE

4. Federal subject matter jurisdiction exists in this case by virtue of 28 U.S.C. § 1332 (Diversity) insofar as plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000.

5. Venue is property in the Federal District for the Western District of Washington in Seattle, pursuant to 28 U.S.C. § 1391(b), as the defendants may be found in the district.

## III. FACTS

6. On May 10, 1993, Chester Bowman enrolled in Accidental Death and Dismemberment Insurance ("AD&D policy") as a member of Waterfront Federal Credit Union. Chester Bowman named his son, Defendant Bowman, the beneficiary. A copy of the beneficiary designation is attached hereto as Exhibit A.

7. The AD&D policy is underwritten by Hartford and has payable benefits of $1,000 in basic coverage, $100,000 in additional coverage, and $25,250 in anti-inflation coverage.

9. On information and belief, on March 14, 1995, Chester Bowman and Defendant Lewis executed an Agreement Regarding Status of Property ("community property agreement"). Sometime thereafter, Chester Bowman and Defendant Lewis were married. Chester Bowman and Defendant Lewis were still married on May 10, 2007.

10. On May 10, 2007, Chester Bowman died in a motorcycle accident. Chester Bowman died intestate.

11. On approximately June 14, 2007, Defendant Lewis submitted a claim to the proceeds of the AD&D policy.

12. Because Defendant Bowman was the named beneficiary of the policy at the time of Chester Bowman's death, Hartford did not pay the proceeds of the AD&D policy immediately to Defendant Lewis.

COMPL AINT IN INTERPLEADER
No.:

Page 2

Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

13. Hartford has written to Defendant Bowman concerning his status as named beneficiary, but has not received any response from him.

14. On October 4, 2007, Attorney Barbara A. West sent a letter of representation on behalf of Defendant Lewis to Hartford. Along with the letter of representation, Ms. West included a copy of Chester Bowman's death certificate, the community property agreement, and an affidavit from Defendant Lewis regarding the community property agreement. In the letter, Ms. West demanded that the full amount of the AD&D policy be paid to Defendant Lewis.

15. Hartford advised Defendant Lewis and her attorneys that Hartford had a valid beneficiary designation on file designating someone other than Defendant Lewis as the AD&D policy's beneficiary.

16. On January 23, 2008, Attorney Jesse Rodman sent another letter of representation on behalf of Defendant Lewis in which he directed Hartford to withhold payment of the funds to Defendant Bowman until the matter was resolved.

17. A conflict has arisen between Defendants Lewis and Bowman over the $126,250 proceeds of the AD&D policy.

18. Defendant Bowman is named as the beneficiary on the AD&D policy. However, Defendant Lewis believes she is entitled to the proceeds by virtue of the community property agreement and Washington law.

19. Because of the conflicting claims to the proceeds of the AD&D policy, and the lack of clarity in Washington law, Hartford is unable to ascertain the respective rights of the parties. Hartford cannot determine, without hazard to itself, which party is entitled to be paid.

20. Hartford cannot pay over the proceeds due under the policy to either Defendant Lewis or Defendant Bowman without taking upon itself the responsibility of determining doubtful questions of law and fact, and without incurring the risk of being

COMPLAINT IN INTERPLEADER
No.:
Page 3
Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

subjected to multiple payments of the same indebtedness.

21. Hartford is a disinterested party and admits that payment is due under the AD&D policy. With leave of this Court, Hartford will deposit $126,250 into the Registry of the Court and further abide by the judgments to be made and entered by this Court.

22. Hartford requests that its attorney fees, costs, and disbursements to be reimbursed upon an order that the proceeds be interplead.

## IV. PRAYER FOR RELIEF

Hartford respectfully requests the following relief:

1. That this Court authorize Hartford to deposit into an interest-bearing account of the Clerk of this Court the amount of $126,250 due under Chester Bowman AD&D policy, without interest;

2. That the Court enjoin Defendants from prosecuting any action against Hartford related to the proceeds;

3. That Defendants be required to make their claims to the fund before the Court;

4. That Hartford be dismissed with prejudice and discharged from further liability; and

5. That Hartford be awarded its costs and attorney fees in bringing this action.

DATED this 29th day of August, 2008.

BULLIVANT HOUSER BAILEY PC

By   /s/ Toni Y. Anders
Toni Y. Anders, WSBA #31238
E-Mail: toni.anders@bullivant.com

Attorneys for Plaintiff The Hartford Life and Accident Insurance Company

10720407.1

COMPLAINT IN INTERPLEADER
No.:
Page 4
Bullivant|Houser|Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

EXHIBIT A

**ACCIDENT INSURANCE ENROLLMENT FORM** — AMEX Life Assurance
Waterfront Federal Credit Union

☒ $1,000 BASIC COVERAGE PAID BY Waterfront Federal Credit Union

ADDITIONAL COVERAGE (Check amount)
☐ $10,000   ☐ $20,000   ☐ $30,000   ☐ $40,000   ☐ $50,000
☐ $15,000   ☒ $100,000  ☐ $150,000  ☐ $200,000  ☐ $250,000

FAMILY PLAN (Check one)
☐ Yes   ☒ No
(Available Only with Additional Coverage)

Darrin Lee Bowman
Son

000   TBDD   BHAR US
YYMMDDHD 999999999

CHESTER O BOWMAN
30445 188TH AVE SE
KENT WA 98042-9241

93

0249165564

2